STATE OF OREGON,
*Respondent,*

*v.*

STANLEY FRANK DALEGOWSKI,
*Appellant.*

(83-1356-C; CA A33049)

734 P2d 357

Michael Henderson, Grants Pass, argued the cause and filed the brief for appellant.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Robert C. Homan, Eugene, filed a brief *amicus curiae* for American Civil Liberties Union Foundation of Oregon, Inc.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction for manufacture of a controlled substance, marijuana, assigning error to the trial court's denial of two motions to suppress evidence obtained as a result of a warrantless general aerial search.[1] We affirm.

A Josephine County sheriff's department officer was flying above the FAA minimum altitude of 500 feet when he observed marijuana plants approximately 800 feet from the only residence in the area. We accept defendant's uncontradicted characterization of the flight as general surveillance, not directed to any particular property and not based on probable cause or on any particular suspicions. The officer photographed the area and determined on which tax lots the marijuana and residence were located. The home is located on the lot that defendant owns. The marijuana was growing on a lot that was owned by two persons in California who are not involved in these charges. The record does not indicate whether defendant was acquainted with the owners of the adjacent land or whether he had been granted permission to use their land.

A warrant was issued for a search of the tax lot where the plants had been observed. While executing the warrant, the officers observed and seized marijuana as well as irrigation equipment; they also observed a path leading toward the residence on the lot owned by defendant. They then obtained a second warrant to search defendant's property, where more plants and other evidence were discovered and seized. Defendant moved to suppress the evidence seized as a result of both searches, arguing that the general aerial surveillance was an unreasonable search in violation of Article I, section 9, of the Oregon Constitution.[2] The motion was denied.

Defendant and *amicus* argue only that the aerial search violated defendant's "reasonable expectation of privacy," citing *Katz v. United States,* 389 US 347, 88 S Ct 507, 19

---

[1] Defendant also challenges the denial of his motion to dismiss the indictment for alleged inadequacies in selecting the grand jury that indicted him. The trial court properly denied the motion, because it was not timely filed. ORS 135.520.

[2] Article I, section 9, provides, in part:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure * * *."

L Ed 2d 576 (1967) (Harlan, J., concurring). They urge us to rule that the Fourth Amendment *Katz* analysis is applicable under Article I, section 9, of the Oregon Constitution.[3] Although no case has applied *Katz* in an independent analysis of the Oregon Constitution, the court in *State v. Owens,* 302 Or 196, 206, 729 P2d 524 (1986), stated that Article I, section 9, "protects privacy and possessory interests." The court did not amplify how the privacy interest is to be defined. Assuming, without deciding, that the *Katz* analysis is applicable under Article I, section 9, the expectation must meet both subjective and objective criteria. That is, the defendant must have a subjective expectation of privacy in the area or thing searched, and that expectation must be one that society is prepared to recognize as reasonable. *See State v. Blacker,* 52 Or App 1077, 1080, 630 P2d 413 (1981).

The record contains no evidence that defendant had any connection to the property where the marijuana was growing, other than that it happened to be adjacent to his property and that there was a path leading from it to his property. Those facts, standing alone, are legally insufficient to show that defendant could have had a protectable interest in that property. Neither is there any evidence of any relationship between defendant and the property owners. For all we know, he was trespassing. Accordingly, the trial court's denial of defendant's motions was not error.

Affirmed.

---

[3] The United States Supreme Court has held that the Fourth Amendment does not prohibit a warrantless aerial observation of a fenced back yard. *California v. Ciraolo,* 476 US ____, 106 S Ct 1809, 90 L Ed 2d 210 (1986).